IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ciara P. McDonough, as an individual, and as personal representative of the estate of Jacqueline Etta McDonough Estate of Jacqueline Etta McDonough,<br><br>Plaintiff,<br><br>vs.<br><br>John William Blalock, Jr. and Jackie B. Lovett Trucking Co., Inc.,<br><br>Defendants. | C/A No.: 5:26-541-SAL-KDW<br><br>REPORT & RECOMMENDATION |

On January 10, 2026, Plaintiff filed a Complaint in the Orangeburg Court of Common Pleas against Defendants, alleging claims of negligence, negligent entrustment, negligent hiring and retention related to a motor vehicle accident. Defendants then removed this case to federal court on February 9, 2026. ECF No. 1. This court issued a text order on February 27, 2026, advising Plaintiff that she was to be designated as a pro se party as she had not obtained counsel to represent her in federal court. ECF No. 11.[1] The court also issued an order advising Plaintiff to notify the Clerk of Court if she has a change of address. ECF No. 16. The court sent this order to Plaintiff at the address provided by her former counsel. The court also issued a scheduling order in this case. ECF No. 18.

On July 23, 2026, Defendants filed a Motion to Dismiss for Lack of Prosecution, ECF No. 21, arguing that since the filing of the above orders, Plaintiff has missed several deadlines outlined

[1] While initially represented in state court upon the filing of the lawsuit, the court received an e-mail from counsel for Plaintiff who informed the court that he is not admitted to the Federal bar, and that he informed Plaintiff she needed to retain new counsel in this matter. *See* ECF No. 10.

in the scheduling order, thereby negatively impacting Defendants' ability to prepare for and litigate the case. Defendants' attorney noted within this Motion that he contacted Plaintiff to alert her to the missed deadlines; however, he received what he characterizes as an "uncooperative and hostile response." ECF No. 21 at 3.

Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for Plaintiff to file an adequate response. ECF No. 22. Plaintiff was specifically advised that if she failed to respond adequately, Defendant's Motion may be granted, thereby ending this case against Defendants. *See id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff has failed to respond to the Motion. The deadline to respond was August 27, 2026.

On September 3, 2026, this court issued an order directing Plaintiff to advise the court whether she wished to continue with the case and to file a response to the Motion by October 5, 2026. ECF No. 24. Plaintiff was advised that if she failed to respond, this case would be recommended for dismissal with prejudice. *See* ECF No. 24. Defendants' Motion to Dismiss for Lack of Prosecution has now been pending for approximately three months without any response from Plaintiff. As such, it appears to the court that Plaintiff does not oppose Defendants' Motion and wishes to abandon this action. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) a plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors

in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Further, the court notes that Defendants have been unable to adequately prepare a defense in this case given their explanation that Plaintiff has failed to participate and missed the Rule 26(f) deadlines, the initial disclosure deadline, and her own expert disclosure deadline. ECF No. 21 at 2. The discovery deadline has also lapsed and given the fact that Plaintiff has not filed anything with this court, the undersigned finds Plaintiff has abandoned this action in federal court. Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action against Defendants be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

October 16, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).