IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Ciara P. McDonough, as an individual, and as Personal Representative of the Estate of Jacqueline Etta McDonough.<br><br>Plaintiff,<br><br>v.<br><br>John William Blalock, Jr. and Jackie B. Lovett Trucking Co., Inc.,<br><br>Defendants. | C/A No. 5:26-cv-541-SAL<br><br>**ORDER** |

Plaintiff Ciara P. McDonough, as an individual and as personal representative of the estate of Jacqueline Etta McDonough, originally filed this complaint in the Orangeburg County Court of Common Pleas, asserting negligence claims against Defendants John William Blalock, Jr. and Jackie B. Lovett Trucking Co., Inc. *See generally* ECF No. 1-1. Defendants then removed the case to this court, ECF No. 1. Plaintiff failed to obtain counsel, so the court entered an order directing the Clerk of Court to designate Plaintiff as proceeding *pro se* and referring the case to a United States Magistrate Judge. [ECF No. 11.] After Plaintiff missed several deadlines outlined in the court's scheduling order, Defendants moved to dismiss the case for failure to prosecute. *See* ECF No. 21. The magistrate judge subsequently issued a *Roseboro*[1] Order, which instructed Plaintiff on her duties, advised her of the dismissal and summary judgment procedures, and warned her of possible consequences for failing to respond adequately. [ECF No. 22.] Plaintiff, however, failed to file anything whatsoever following the removal of this action. *See* ECF No. 26 at 2–3.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)

Pending before this court is a Report and Recommendation (the "Report") by Magistrate Judge Kaymani D. West, recommending the complaint be dismissed against Defendants with prejudice for failure to prosecute. *Id.* at 3. Attached to the Report was a notice advising Plaintiff of her right to file objections to the Report. *Id.* at 4. Plaintiff did not file objections to the Report, and the time for doing so has lapsed.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, Plaintiff's case is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Given this dismissal, the pending motion to dismiss, ECF No. 21, is **TERMINATED AS MOOT.**

**IT IS SO ORDERED.**

Sherri A. Lydon

November 13, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge